**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RODNEY ROBINSON, on behalf of himself** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **FLOWERS BAKERIES, LLC** | ) | **Electronically Filed** |
| | ) | |
| **Serve Registered Agent:** | ) | **CLASS ACTION** |
| | ) | **COLLECTIVE ACTION** |
| **Corporation Service Company** | ) | |
| **2900 SW Wanamaker Drive** | ) | |
| **Suite 204** | ) | |
| **Topeka, Kansas 66614** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **FLOWERS BAKING CO.** | ) | |
| **OF LENEXA, LLC** | ) | |
| | ) | |
| **Serve Registered Agent:** | ) | |
| | ) | |
| **Corporation Service Company** | ) | |
| **2900 SW Wanamaker Drive** | ) | |
| **Suite 204** | ) | |
| **Topeka, Kansas 66614** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** Rodney Robinson ("Plaintiff"), individually and on behalf of all others similarly situated ("Plaintiffs"), by and through counsel, and for his Complaint against Defendants Flowers Bakeries, LLC and Flowers Baking Company of Lenexa, LLC (collectively, "Defendants" or "Flowers") hereby states and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit is brought as a collective action under the FLSA and as a class action under Kansas state law to recover unpaid wages owed to Plaintiff and all other similarly situated employees who work or worked at Defendants' facility in Lenexa, Kansas ("the facility").

2.      Defendants' policy and practice is to deny minimum wages and overtime pay to employees working at its facility.  Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and state law.

## JURISDICTION AND VENUE

3.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has original federal question subject matter jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

4.      This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because Defendants have been conducting business in the state of Kansas, and Plaintiff is an employee, working for Defendants, within this judicial district.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants do business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

7.      Defendant Flowers Foods LLC is a Georgia Corporation, with its principal place of business in Georgia. Defendant Flowers Foods LLC is the second-largest producer and marketer of packaged bakery foods in the U.S. and operates 49 bakeries in 18 states, including Kansas, Alabama, Arkansas, Arizona, California, Florida, Georgia, Kentucky, Louisiana, Maine, North Carolina, Nevada, Oregon, Pennsylvania, Tennessee, Texas, Virginia, and Vermont.

8.      Defendant Flowers Baking Company of Lenexa, LLC is a Kansas Corporation, with its principle place of business in Kansas. It is a wholly owned subsidiary of Defendant Flowers Foods LLC.

9.      Plaintiff is an employee of Defendants at their Lenexa, Kansas facility. Plaintiff is resident and citizen of Kansas. Plaintiff has been employed by Defendants in the past three years. A copy of Plaintiff's Consent to Join this suit is attached as Exhibit A.

10.     At all times relevant to this action, Defendants were authorized to do business and were in fact doing business in the State of Kansas.

11.     At all times relevant to this action, Defendants were employers of Plaintiff, and all other similarly situated employees, and are thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law. Defendant Flowers Foods LLC controls the operations, including the baking operations, of Defendant Flowers Baking Company of Lenexa, LLC. Some employees and former employees at Flowers Foods LLC's Lenexa facility have worked at multiple Flowers subsidiary locations.

## GENERAL ALLEGATIONS

12.     Each workday when Plaintiff arrives at Flowers' Lenexa facility to begin his shift, he has to enter a key code provided by Flowers to access the facility's employee parking area. Entering this key code does not clock Plaintiff into work.

13.     The employee parking lot is located on the south side of the facility. From there, Plaintiff has to walk approximately one minute to the building entrance.

14.     To enter the building, Plaintiff is required enter his employee code and swipe his employee badge into a bar code reader. The swiping of the badge and entering of the code to enter the facility does not clock Plaintiff into work.

15.     Plaintiff performs work after the time he enters his employee code and swipes his badge and before the time he is permitted to officially clock in. Plaintiff is not paid for this work time, and it is significant.

16.     The work duties which Plaintiff performed during this time include, but are not limited to: picking up and putting on a hair net; picking up and putting in ear plugs; entering an initial locker room, where he picks up a set of clean clothes designated and required by Flowers and consisting of khaki pants and a snap shirt; walking into a second locker room, where he removes his own clothes and shoes and puts on the clothes required by Flowers, including slip resistant shoes required by Flowers; entering a combination and opening a locker to store his own clothes, shoes, and personal effects; closing and locking the locker; picking up and putting on a helmet; and walking from the second locker room to the middle of the plant, where he is finally allowed to clock in. These duties are required and Plaintiff is not permitted to perform these duties prior to arriving at work.

17.     Plaintiff performs additional duties after clocking out, for which he is not paid.

18.     The work duties which Plaintiff performs after clocking out include, but are not limited to: walking from the time clock back to the second locker room; removing his helmet and placing it where it belongs in the locker room; entering a combination and opening the locker holding his own clothes, shoes, and personal effects; removing the shoes and clothes required by Flowers and putting his own clothes and shoes back on; walking back through the initial locker room and placing the clothes required by Flowers in a bin; and walking back out of the building entrance and to the parking lot on the south side of the facility. Plaintiff may not leave without changing his clothes.

19.     The work activities for which Plaintiff is not paid are integral and indispensable to his principal job duties and/or are themselves principal duties, and also fall within the "continuous workday."

20.     The walking time for which Plaintiff is not paid occurs after the beginning of his first principal activity and before the end of his last principal activity.

21.     The sanitary and protective work uniforms and safety equipment that Plaintiff is required to wear, and the donning and doffing for which Plaintiff is not paid, are required by Flowers and/or by government regulation. Plaintiff's job involves food preparation and therefore necessitates sanitary working conditions. The circumstances of Plaintiff's job, including vital considerations of health and hygiene, required him to wear the protective work uniforms and protective safety equipment. Plaintiff must don and doff the protective and sanitary gear on Defendants' premises.

22.     These donning, doffing, and walking duties that occurred during the continuous workday all add up to a significant amount of time every day for which Plaintiff is not paid.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

23.    Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following nationwide class of persons (the "FLSA class" or "opt-in class"):

> All current and former hourly employees of Flowers Foods LLC and/or its subsidiaries in the last three years who were required to perform, but not paid for the time they spent performing donning, doffing, and walking activities.

24.    In addition to his individual claims, Plaintiff brings Counts II and III for Kansas Wage Payment Act and *quantum meruit* claims, respectively (collectively, the "state law claims"), as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as a representative of the following class (the "Rule 23 class" or "Kansas class"):

> All current and former hourly employees of Defendants who worked at the Lenexa facility in the last three years who were required to perform, but not paid for the time they spent performing donning, doffing, and walking activities.

25.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26.    Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Flowers' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

27.    The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

28.     The state law claims, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the class. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

29.     The class satisfies the numerosity standards. The class is believed to number in the hundreds. As a result, joinder of all class members in a single action is impracticable.

30.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to, the following:

a.   Whether Plaintiffs are compensated for time spent donning and doffing clothing and protective gear and walking to and from their job posts;

b.   Whether the donning and doffing of certain sanitary and protective gear constitutes an integral and indispensable activity;

c.   Whether the donning and doffing of certain sanitary and protective gear begins the continuous workday;

d.   Whether Defendants have failed to keep accurate records of the actual time workers spend performing compensable activities;

e.   Whether Defendants' pay policies and practices compensate workers for all of the time they spend working during the continuous workday;

f.   Whether Defendants' compensation policy and practices account for the time Plaintiff and class members are actually working; and

g.   Whether Defendants' violations were willful.

31.     The questions set forth above, among others, predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of

consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

32.    Plaintiff's claims are typical of those of the classes in that class members have been employed in similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

33.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

34.    Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the class members he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action lawsuits.

35.    Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

## COUNT I

### Violation of the Fair Labor Standards Act

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

36. Plaintiff re-alleges the allegations as set forth above.

37. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

38. The FLSA regulates, among other things, recordkeeping and the payment of minimum wage and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

39. Defendants were, and are, subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and their employees are engaged in commerce.

40. The FLSA requires employers, such as Defendants, to provide all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half times their regular rate of pay, for work performed in excess of forty hours in a work week.

41. At all relevant times, Defendants have been, and continue to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Plaintiff has been an "employee" of Defendants. At all relevant times, Defendants employed numerous other individuals who had the same job duties and compensation structure as Plaintiff.  These individuals are "employees" similarly situated to Plaintiff. Some of these employees worked at multiple Flowers locations.

43.     Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

44.     Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Flowers' common policy and practice of refusing to keep accurate records or to correctly pay minimum wages and overtime wages in violation of the FLSA.

45.     At all times relevant herein, Flowers has had gross operating revenues in excess of $3,000,000,000 (Three Billion Dollars).

46.     Defendants violated the FLSA by failing to pay their workers for all time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees.

47.     Plaintiff and all similarly situated employees are victims of a uniform, facility-wide and nationwide compensation policy and practice. This uniform policy and practice, in violation of the FLSA, has been applied to Plaintiff and all similarly situated employees.

48.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether, their conduct was prohibited by the FLSA.

49.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an

amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime wages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff, for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

d.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e.    Issue a declaration that Defendants have violated state and federal law; and

f.    Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

11

## COUNT II

### Violation of the Kansas Wage Payment Act

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

51.     Plaintiff re-alleges the allegations as set forth above.

52.     Defendants violated the Kansas Wage Payment Act, K.S.A. § 44-312, *et. seq.*, in relevant part, by failing to pay all wages due to Plaintiff and all similarly situated employees.

53.     Plaintiff and all similarly situated employees were thereby damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.     Designate this action as an action on behalf of the proposed putative class members and promptly issue notice to all putative class members (the Kansas class), apprising them of the pendency of this action.

b.     Designate Plaintiff Rodney Robinson as Representative Plaintiff, acting for and on behalf of the putative class members;

c.     Declare that the practices complained of herein violate the Kansas Wage Payment Act, K.S.A. § 44-312, *et. seq.* and issue an injunction against the same;

d.     Award Plaintiff and all similarly situated employees damages in the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

e.     Award Plaintiff and all similarly situated employees costs and expenses of this action incurred herein;

12

f.      Award Plaintiff and all similarly situated employees reasonable attorneys' fees and expert fees;

g.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

h.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

i.      Certify additional state law classes as similarly situated employees from other states come forward.

## COUNT III

### Quantum Meruit/Unjust Enrichment

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

54.      Plaintiff re-alleges the allegations as set forth above.

55.      Plaintiff and all similarly situated employees conferred a benefit upon Defendants by working on their behalf without compensation.

56.      Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff and similarly situated employees.

57.      Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

58.      Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.  Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

59.      Defendants intentionally refused to pay Plaintiff and other similarly situated

13

employees at the proper rate for all hours worked.  Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

60.     It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.     Designate this action as an action on behalf of the proposed putative class members and promptly issue notice to all putative class members (the Kansas class), apprising them of the pendency of this action;

b.     Designate Plaintiff Rodney Robinson as Representative Plaintiff, acting for and on behalf of the putative class members;

c.     Declare that the practices complained of herein are unlawful and issue an injunction against the same;

d.     Award Plaintiff and all similarly situated employees restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

e.     Award Plaintiff and all similarly situated employees costs and expenses of this action incurred herein;

f.     Award Plaintiff and all similarly situated employees reasonable attorneys' fees and expert fees;

g.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

h.      Award Plaintiff and all similarly situated employees such other relief as the Court

deems fair and equitable.

## <u>DESIGNATION OF PLACE OF TRIAL</u>

Plaintiffs designate Kansas City, Kansas as the place for trial.

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

/s/ Eric L. Dirks
Eric L. Dirks, D. Kan. Bar No. 77996
Jordan Baehr, KS Bar No. 27213
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
dirks@williamsdirks.com
jbaehr@williamsdirks.com

Robert Kinsman, KS Bar No. 26673
Krause & Kinsman LLC
4717 Grand Ave., Suite 250
Kansas City, MO  64112
robert@krauseandkinsman.com

***ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE CLASSES***