Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval, Plaintiff Rodney Robinson individually, and on behalf of a class of other similarly situated individuals, and Defendants Flowers Baking Co. of Lenexa, LLC, Flowers Baking Co. of Denton, LLC, Holsum Bakery of Tolleson, LLC, Holsum Bakery, Inc., and Alpine Valley Bread Company, and any of their officers, directors, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates, and otherwise related entities (collectively "Defendants"), have entered into this Settlement Agreement and Release ("Settlement Agreement") to settle all issues between them in the case captioned *Rodney Robinson v. Flowers Baking Co. of Lenexa, LLC et al.,* Case No. 2:16-cv-02669-JWL-JPO. The signatories to this Settlement Agreement are jointly referred to as the "Parties." Except to the extent governed by federal law, the interpretation of this Settlement Agreement shall be governed by the statutes and common law of Kansas, excluding any that mandate the use of another jurisdiction's laws.

## RECITALS

WHEREAS, in *Rodney Robinson v. Flowers Baking Co. of Lenexa, LLC et al.,* Case No. 2:16-cv-02669-JWL-JPO in the United States District Court for the District of Kansas, hourly, non-exempt employees employed by Defendant Flowers Baking Co. of Lenexa, LLC have raised individual and collective claims, on behalf of individuals employed at various bakeries throughout the United States, for allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA") and individual and class claims under various state laws ("the Action").

WHEREAS, the Settlement Class Members (as defined below), and Defendants, have litigated this Action by participating in formal discovery (which included exchanges of

1

documents, data and other information over the course of several months) and with the assistance of mediator David Vogel at a mediation held on May 31, 2017.

WHEREAS, counsel for the Settlement Class Members have investigated the facts relating to the claims alleged in this Action and have concluded there are numerous disputed issues of fact and law relating to the claims sought to be asserted in this Action, including the scope of this action, there will be expense and time necessary to prosecute this Action through trial, as well as risks, uncertainty, and costs of further prosecution, particularly with regard to individuals employed at various bakeries throughout the United States, it will be difficult to establish a class for purposes of liability, there will be uncertainties of complex litigation, the relative benefits conferred upon the Settlement Class Members under this Settlement Agreement are substantial, and thus a settlement with Defendants on the terms set forth in this Settlement Agreement, including claims limited to specific bakeries operated by certain of the Defendants, is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

WHEREAS, Defendants deny Plaintiff's allegations, and further deny any wrongdoing or legal liability arising from any facts or conduct alleged in the Action, but have concluded further litigation would be protracted and expensive, would divert management and employee time and attention, there are uncertainties and risks inherent in the Action, and it is appropriate to fully and finally settle the Action in the manner, and upon the terms, set forth in this Settlement Agreement, so long as neither this Settlement Agreement, nor any document referred to or contemplated in this Settlement Agreement, nor any action taken to carry out this Settlement Agreement, may be construed as, or may be used as, an admission, concession, or indication by, or against Defendants, of any fault, wrongdoing, or liability of any kind, and the Settlement Agreement shall not be disclosed, referred to, or offered into evidence against Defendants in any

further proceeding in this Action, or in any other civil, criminal, or administrative action or proceeding, except for the purposes of settling the Action, or enforcing the settlement of the Action.

NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the Parties, subject to the approval of the Court, that the Action shall be settled, under the following terms and conditions:

## DEFINITIONS

Wherever used in this Settlement Agreement, and in all of its exhibits, the terms set forth below shall have the following meanings:

1.      For purposes of this Settlement Agreement, "Settlement Class Member(s)" means: the 872 individuals who include the named Plaintiff Rodney Robinson and all current and former hourly employees of Defendants Flowers Baking Co. of Lenexa, LLC, Flowers Baking Co. of Denton, LLC, Holsum Bakery of Tolleson, LLC and Holsum Bakery, Inc. who were not covered by the terms of a Collective Bargaining Agreement ("CBA") at any time between September 30, 2013 and March 22, 2017, as well as all current and former hourly employees of Defendant Alpine Valley Bread Company who worked at any time between March 1, 2016 and March 31, 2017.

2.      "Class Counsel" means Eric Dirks of Williams Dirks Dameron, LLC, and Robert Kinsman of Krause & Kinsman LLC.

3.      "Class Representative" means Plaintiff Rodney Robinson.

4.      'Early Opt-In" means Anthony Smith.

5.      "Settlement Notice" means the notice of settlement approved by the Court.

6.      With regard to Defendants Flowers Baking Co. of Lenexa, LLC, Flowers Baking

3

Co. of Denton, LLC, Holsum Bakery of Tolleson, LLC and Holsum Bakery, Inc., "Covered Period" refers to the period from September 30, 2013 through March 22, 2017; with regard to Defendant Alpine Valley Bread Company, "Covered Period" refers to the period from March 1, 2016 through March 31, 2017. The "Covered Period" includes approximately 56,527 workweeks.

7.      "Court" means the United States District Court for the District of Kansas.

8.      "Final Approval Order" means the Court's Order Granting Final Approval of Class Action Settlement.

9.      "Global Settlement Fund" means the gross settlement amount of One Million, Two Hundred Thousand Dollars and 00/100 cents ($1,200,000.00), which is the total amount of funds available in Settlement for: (1) payment to Settlement Class Members, including any Service Award for the Class Representative and Early Opt-In, (2) payment to Class Counsel for attorneys' fees, expenses, and costs, and (3) payment for settlement administration costs.

10.     "Net Settlement Fund" means the amount available for payments to Settlement Class Members, including Service Awards, after deducting all attorneys' fees, costs, expenses, and settlement administration costs.

11.     "Settlement" means the parties' resolution of the matter as to the Settlement Class Members.

12.     "Released Person(s)" means Defendants, all current and former parents, siblings, subsidiaries, related companies, partnerships, joint ventures, or other affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under, or in concert

4

with, any of these persons or entities, and their successors.

13.     "Plan of Allocation" means the apportionment from the Net Settlement Fund available to each Settlement Class Member based on a *pro rata* share thereof as calculated using the average recovery per plaintiff per week in the Action, as approved by the Court in the Final Approval Order. No claims process shall be required.

14.     "Released Claims" means, upon the Effective Date of this Settlement Agreement, the Class Representative and the Settlement Class Members (other than those who submit valid and timely Opt-Out Request forms) will release and forever discharge Released Persons, from any and all claims, rights, demands, liabilities and causes of action of every nature and description during the Covered Period, whether known or unknown, arising on, or before, the date of the execution of this Settlement Agreement (the "Release Period"), that were, or could have been, made by the Class Representative and the Settlement Class Members (other than those who submit valid and timely Opt-Out Request forms) relating to unpaid and/or untimely payment of wages or compensation of any kind: including any claims for liquidated damages, attorneys' fees, costs, expenses, interest, settlement administration costs, and Service Awards, and any other monetary claims related to the payment of wages, including any claims arising under the Fair Labor Standards Act, the Kansas Wage Payment Act,  the Arizona Wage Act, the Texas Payday Act, or any other federal, state, municipal or local laws, including common law.

15.     "Settlement Administrator" means a mutually agreeable qualified settlement administrator.

16.     "Settlement Award" means the gross payment each Settlement Class Member shall be entitled to receive pursuant to the terms of this Settlement Agreement.

17.     "Notice of Settlement" means the forms approved by Class Counsel and

Defendants, subject to Court approval, which will be mailed, *via* first-class U.S. mail, to each Settlement Class Member to explain the settlement process.

18.     "Effective Date" means the first day following the last of the following occurrences: (i) the issuance of the Court's Final Approval Order; (ii)  if an objection has been made to final approval of the settlement, the date on which the objector's time to appeal the Final Approval Order has expired, with no appeal or other judicial review having been taken or sought; or (iii)  if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

## NO ADMISSION OF LIABILITY BY DEFENDANTS

19.     Defendants deny liability or wrongdoing of any kind associated with the claims alleged in the Action. Consequently, this Settlement Agreement is a compromise and shall not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendants or the Released Parties for any purpose, and under any circumstance. Defendants have not conceded any claims or defenses that were, or could have been, raised in the Action. This Settlement Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Settlement Agreement.

## SETTLEMENT PAYMENT TERMS AND CONDITIONS

20.     For settlement purposes only, Defendants consent to certification under Fed. R. Civ. P. 23 of an opt-out class of persons comprised Settlement Class Members. The Parties agree

certification for settlement purposes is not an admission by Defendants that Rule 23 class certification would be proper absent settlement. For purposes of settling this lawsuit, the Parties stipulate and agree the requisites for establishing class certification with respect to the Settlement Class Members have been, and are, met. If this Settlement Agreement, and the Settlement it memorializes, are not finally approved by the Court, or if any appeal contemplated by Paragraph 18 of this Settlement Agreement materially changes the terms of this Settlement Agreement, then Defendants' consent to certify a class shall be withdrawn.

21.     In exchange for the release of claims in Paragraph 30, Defendants will pay each Settlement Class Member based on the Plan of Allocation for the Net Settlement Fund as follows: The Net Settlement Fund will be allocated to each Settling Class Member based on his or her number of workweeks during the Covered Period. The individual's workweeks will be divided by the total number of Covered Workweeks to establish each Settling Class Member's percentage of the Net Settlement Fund. The Settling Class Member's allocation percentage will be multiplied by the Net Settlement Fund to arrive at his or her share of the Net Settlement Fund.

22.     For tax purposes, the Parties agree the Settlement Award payments will be allocated to each of the Settlement Class Members as follows: (a) 50% of the Settlement Award will constitute taxable back wage income paid under IRS Form W-2 and will be subject to ordinary payroll withholdings under federal and state law, and (b) 50% of the Settlement Award will constitute liquidated damages, which shall be taxable non-wage income paid under IRS Form 1099. Defendants will make all required employer contributions with respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts paid by Defendants will not be deducted from the Global Settlement Fund.

23.    Any payments of any sort under this Settlement Agreement that are not negotiated within 180 days of issuance will be null and void, and shall revert, *cy pres,* to a charity mutually selected by the parties. The Settlement Agreement shall remain binding on all parties, including all Settlement Class Members. The Settlement Administrator shall attempt to locate Class Members who have not cashed their checks within 90 days of issuance and send them a reminder postcard.

24.    Any other funds from the Global Settlement Fund which are not distributed per the terms of this Settlement Agreement shall not be redistributed among the Claimants, but shall revert to Defendants, and the Parties' Settlement Agreement shall remain binding all parties, including all Settlement Class Members.

25.    Class Counsel may apply to the Court for an award of $7,500.00 to the Class Representative for his services as a Class Representative, and $2,500.00 to the Early Opt-In for his assistance in the Action ("Service Awards"). The Service Awards shall be in addition to the share to which they are otherwise entitled under Paragraph 21 of this Settlement Agreement and shall be payable from the Gross Settlement Fund.

26.    Each Settlement Class Member receiving payment as liquidated damages and back wages will receive an Internal Revenue Service ("IRS") Form 1099 and Form W-2 reflecting the Settlement Award checks paid to him or her under this Settlement Agreement. The Settlement Class Members will be responsible for any tax liability arising from the allocation of the Gross Settlement Fund as attorneys' fees, costs, and expenses, Service Awards, taxable wage income, and taxable non-wage income. Defendants will be responsible for the employer portion of any payroll taxes attributable to any payments under this Settlement Agreement.

27.     Payments made under this Settlement Agreement are not intended to, and will not form the basis for, nor shall they be considered wages for calculating or re-calculating additional contributions to, or benefits under, any benefit or compensation plans maintained by Defendants for the benefit of their employees and their beneficiaries.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

28.     Class Counsel will seek an order from the Court directing Defendants to pay Class Counsel's fees, costs, and expenses in an amount not to exceed one-third of the Global Settlement Fund. Defendants will not contest this application. Any attorneys' fees, costs, and expenses approved by the Court will be paid from the Global Settlement Fund. Any amounts not approved will be allocated and paid to the Settlement Class Members as part of the Net Settlement Fund.

29.     Within 21 business days of the Effective Date of this Settlement Agreement, Class Counsel shall receive a check for attorneys' fees, costs, and expenses. All attorneys' fees, costs, and expenses referenced in this Paragraph shall be paid from the Gross Settlement Fund.

## RELEASE

30.     Upon distribution of checks under Paragraph 21 of this Settlement Agreement, each Settlement Class Member shall be deemed to, and shall actually have, released and discharged all Released Parties with respect to all Released Claims. This release shall remain binding on all Settlement Class Members, even if one or more Settlement Class Members fail to negotiate any payments under this Settlement Agreement, or any Settlement Class Members cannot be located within one-hundred (180) days of the date checks are initially distributed under this Settlement Agreement.

31.     Each Settlement Class Member shall be deemed to, and shall actually have knowingly and voluntarily, waived, released, discharged, and dismissed the Released Claims, with full knowledge of any and all rights they may have, and thereby assume the risk of any mistake in fact, or with regard to any facts which are now unknown to them.

## **PARTIES' AUTHORITY**

32.     The signatories to this Settlement Agreement represent they are fully authorized to enter into, and bind the Parties to the terms and conditions of, this Settlement Agreement.

33.     All of the Parties acknowledge they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

## **SETTLEMENT ADMINISTRATION**

34.     The Parties agree to use their best, reasonable efforts, and to fully cooperate with each other to implement and effectuate the terms of this Settlement Agreement.

35.     Class Counsel will prepare, and counsel for Defendants will review, a Motion for Preliminary Approval of Class Action Settlement and Settlement Notice. On or before August 30, 2017, the Parties will file with the Court the Motion for Preliminary Approval of Class Action Settlement, which will attach this Settlement Agreement.

36.     The Parties agree to retain a Settlement Administrator. The parties further agree the Settlement Administrator's fees and expenses shall be paid from the Global Settlement Fund. Any Settlement Administrator's fees and expenses that are not approved for payment to the Settlement Administrator will be paid to Settlement Class Members as part of the Net Settlement Fund.

37.    Within 14 days after the Court's preliminary approval of the Settlement Agreement, Defendants will provide to the Settlement Administrator a file listing the names and last known addresses of all Settlement Class Members as well as their relevant payroll data, including weeks worked and information necessary for determining tax amounts and issuing 1099s.

38.    Within twenty (20) days after the Court preliminarily approves this Settlement Agreement, a Settlement Notice will be sent by the Settlement Administrator to each Settlement Class Member by first-class U.S. mail, postage prepaid. The Settlement Notice to each Settlement Class Member will include his or her estimated *pro rata* settlement share. A copy of the Settlement Notice is attached as Exhibit A.

39.    Any Settlement Notices returned undeliverable shall be traced up to two times to obtain a new address and be re-mailed by first-class U.S. mail.

40.    In compliance with 28 U.S.C. § 1715 ("CAFA"), the Settlement Administrator will supply notice regarding this Settlement to the appropriate federal and state officials.

## OPT-OUT PROCEDURES AND OBJECTIONS FROM CLASS MEMBERS

41.    The Settlement Notice shall include information about how a Settlement Class Member may opt-out of the Settlement, as well as the potential implications of doing so. Settlement Class Members seeking to exclude themselves from the Settlement must (i) provide to the Settlement Administrator a request to be excluded from the Settlement that includes their name, current address, and date of birth, and (ii) sign a statement to the effect they want to be excluded from the Settlement. Opt-out requests must be postmarked no later than twenty-one (21) days before the Final Fairness Hearing conducted by the Court. The Settlement

Administrator will provide copies of all Opt-out Requests to Class Counsel and Defendants' Counsel.

42.     Among other things, the Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must mail to the Court's Clerk a written statement of objection ("Notice of Objection"), postmarked no later than twenty-one (21) days before the Final Fairness Hearing conducted by the Court, with a copy to Class Counsel and Counsel for Defendants. The Notice of Objection must state: (i) the full name, address, telephone number, and last four digits of the Social Number of the person objecting; (ii) the basis for the objection, and (iii) a reference to Case No. 2:16-cv-02669. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

## FINAL SETTLEMENT APPROVAL

43.     Counsel for Defendants will prepare, and Class Counsel will approve, a joint motion for final approval of the settlement. The joint motion for approval of the settlement will include the following proposed orders:

a.  An Order Granting Final Approval to the Settlement, adjudging the terms of the Settlement to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.  An order dismissing this action on the merits, with prejudice, in accordance with the terms of this Settlement Agreement;

c.  An Order setting a Final Fairness Hearing conducted by the Court with sufficient time for the Parties and the Settlement Administrator to comply with the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*; and

d.  An Order approving Service Awards to the Class Representative and Early Opt-In.

44.     The Order for Final Approval of Settlement and Final Judgment will, subject to Court approval:

a.  Dismiss with prejudice all claims against Defendants in this Action;

b.  Declare all Settlement Class Members (except those who affirmatively opt-out) are bound by the release of claims described in this Settlement Agreement; and

c.  Reserve jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' settlement and over the administration and distribution of settlement benefits.

## DISTRIBUTION OF SETTLEMENT PAYMENTS

45.     Within 7 days after the Settlement Effective Date, Class Counsel will provide a complete list of Claimants to counsel for Defendants, and an accounting of the amounts of the proposed Settlement Awards to be individually paid to each Claimant in accordance with the formula set out in Paragraph 21 of this Settlement Agreement.

46.     Within 14 days of the Settlement Effect Date, Defendants shall deposit with the Settlement Administrator an amount sufficient to make all payments due under the Settlement Agreement.

47.     The Parties agree the Settlement Administrator will be responsible for issuing all funds by way of negotiable instrument from the Global Settlement Fund, W-2 Forms, W-9 Forms (if required), and 1099 Forms.

## NOTICES

48.     Unless otherwise specifically provided in this Settlement Agreement, all notices, demands, or other communications given under this Settlement Agreement shall be in writing, and shall be deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

To the Class Representative or Settlement Class Members:

Eric L. Dirks
Williams Dirks Dameron, LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105


To the Defendants:

Patrick F. Hulla
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111

## OTHER TERMS

49.     If the Court unexpectedly rejects this Settlement Agreement, the Parties agree to work in good faith to resolve any differences they may have regarding any revised agreement to be re-submitted to the Court; if the parties are unable to resolve any such differences on their own, the parties further agree to reengage mediator David Vogel to attempt to resolve any disputes about the terms and conditions of any revised agreement to be re-submitted to the Court.

50.     The Parties expressly agree, if 7.5% or more of the Settlement Class Members revoke their participation in, or opt out of, this Settlement, Defendants will have the unilateral right to rescind the Settlement. If Defendants rescind the Settlement, (i) Defendants' obligations under this Settlement Agreement will cease to have any force and effect, (ii) this Settlement Agreement will be vacated, null, void, and cancelled, (iii) the Parties will return to the *status quo ante* as if they had not entered into the Settlement, and (iv) the Settlement, and all negotiations and proceedings related to the Settlement, will be without prejudice to the rights of the parties, and evidence of the Settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

51.     If Class Counsel, or anyone working under their direction, receive any inquiries from individuals (including Settlement Class Members, or others) with respect to any claims they believe they may have against the Released Persons, Class Counsel shall notify counsel for Defendants of any such claims before instituting any legal proceedings. To the extent consistent with Class Counsel's legal and ethical obligations, the undersigned, and any of their clients, will attempt to informally resolve any future disputes with Defendants before any legal proceedings are commenced. Such attempt at informal resolution shall include strong encouragement to participate in formal mediation of the matter before instituting proceedings in court.

52.     The Parties agree to waive all appeals and to stipulate to final certification of the Rule 23 claims, but only for purposes of implementing this Settlement.

## NO PUBLIC COMMENT

53.     Unless ordered by the Court as part of the approval process, Class Counsel and Defendants' counsel agree not to publicize the settlement (including, without limitation, in a verdicts/settlements service, through social media, or via any other means) except, if asked, they may respond to a public inquiry by stating an agreement was reached on terms that will be submitted to the Court for approval.

## ENTIRE AGREEMENT

54.     This Settlement Agreement entered into by the Class Representative, the Settlement Class Members, and Defendants constitutes the entire agreement between the Parties concerning the subject matters addressed in this Settlement Agreement. No extrinsic, oral, or written representations or terms shall modify, vary, or contradict the terms of this Settlement Agreement.

15

55.     If there is a conflict between this Settlement Agreement and any other document related to the Settlement, the Parties intend for this Settlement Agreement to control.

## **MISCELLANEOUS**

56.     This Settlement Agreement may be executed in counterparts, and when signed and delivered at least one counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement, which shall be binding on, and effective as to, all of the Parties.

57.     This Settlement Agreement shall be binding on, and inure to the benefit of, the successors of each of the Parties, including each Settlement Class Member who does not opt out of the Settlement.

58.     The Parties believe this is a fair, reasonable, and adequate Settlement Agreement, and have arrived at this Settlement Agreement after protracted litigation, and through considerable arms-length negotiations, taking into account all relevant factors, both present and potential.

59.     Except in writing, and signed by Class Counsel and Defendants' counsel, this Settlement Agreement and its attachments may not be changed, altered, or modified.

60.     The descriptive headings of any sections of this Settlement Agreement are inserted for convenience or reference only, and do not constitute a part of this Settlement Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below:

Dated: _____, 2017     By:_____
On behalf of Defendants Flowers Baking Co. of Lenexa, LLC, Flowers Baking Co. of Denton, LLC, Holsum Bakery of Tolleson, LLC, Holsum Bakery, Inc., and Alpine Valley Bread Company

Dated: _____, 2017     By: _____
Rodney Robinson, Class Representative

With respect to Paragraph 53:

Dated: _____, 2017     By: _____
Class Counsel

Exhibit A

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

**TO: «FIRST- NAME» «LAST- NAME»**

You are receiving this notice because you worked for Flowers Foods, Holsum Bakery or Alpine Valley during the period September 30, 2013 through March 22, 2017. **YOU are entitled to benefits in a settlement in the action titled** *Rodney Robinson v. Flowers Baking Co. of Lenexa, LLC et al.,* Case No. 2:16-cv-02669-JWL-JPO.

**YOUR ESTIMATED SETTLEMENT AMOUNT: $<mark>XXX</mark>«TOTAL_ALLOCATION»**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer.  A Court has authorized this notice.*

**YOU MUST MAKE YOUR DECISION ON OR BEFORE [<mark>INSERT 75 DAYS FROM MAILING</mark>]**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE SETTLEMENT** | Receive your settlement check and your rights to pursue any claims brought under federal, state or local wage law will be released. |
| **OPT OUT AND RETAIN RIGHT TO SUE** | You will not recover anything under this settlement, but you will retain any rights you may have to pursue any claims brought under federal, state or local wage law, subject to the applicable statutes of limitations. |
| **OBJECT** | Write to the Court about why you do not like the settlement and testify about the fairness of the settlement. If you opt out of the settlement, you will not have a right to object to the settlement. |

| 1. | WHY DID I GET THIS NOTICE |
|---|---|

This notice explains that a settlement has been reached in the case entitled *Rodney Robinson v. Flowers Baking Co. of Lenexa, LLC et al.,* Case No. 2:16-cv-02669-JWL-JPO (the "Action").

The purpose of this Notice is to inform you of the existence of a settlement between Plaintiff and Flowers Flowers Baking Co. of Lenexa, LLC, Flowers Baking Co. of Denton, LLC, Holsum Bakery of Tolleson, LLC, Holsum Bakery, Inc., and Alpine Valley Bread Company, ("Flowers") for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and state wage and hour laws

You are receiving this Notice because employment data provided by Flowers indicates that you worked at Flowers during the relevant time period: September 30, 2013 through March 22, 2017.

Your receipt of this Notice means that you may be entitled to share in the proceeds from the settlement of the Action.

As described further below, in order to receive your share of the settlement proceeds you do not have to take any action at this time. **If you *DO NOT* wish to participate in the settlement and be bound its terms, you *must* sign and return the attached Opt-Out Request Form so that it is postmarked by no later than [75 days from mailing].**

## 2. WHAT IS THE LAWSUIT ABOUT

In 2016 a lawsuit was filed in federal court by Rodney Robinson alleging that certain employees at Flowers may not have been properly paid for all time worked. The lawsuit applies to employees who were required to put on and/or take off certain protective clothing and gear without pay during the relevant period. The lawsuit alleges that Flowers' pay practices violated state law and the Fair Labor Standards Act ("FLSA") and various state wage and hour laws. The lawsuit is pending before the Honorable John Lungstrum in the United States District Court for the District of Kansas, at Kansas City, Kansas.

Flowers denies Plaintiffs' allegations of wrongdoing and contends that its conduct is and has been lawful as to Plaintiffs and members of the Class.

The Court has not decided who is right and who is wrong, or weighed the arguments of either side. The parties, however, agreed to a settlement.

As of the date of mailing this Notice, the Court has preliminarily approved the proposed settlement, and will decide whether to give final approval at a hearing scheduled to take place on [Date].

## 3. WHO IS INCLUDED IN THE SETTLEMENT

The Settlement includes 872 individuals who include the named Plaintiff Rodney Robinson and all current and former hourly employees of Defendants Flowers Baking Co. of Lenexa, LLC, Flowers Baking Co. of Denton, LLC, Holsum Bakery of Tolleson, LLC and Holsum Bakery, Inc. who were not covered by the terms of a Collective Bargaining Agreement ("CBA") at any time between September 30, 2013 and March 22, 2017, as well as all current and former hourly employees of Defendant Alpine Valley Bread Company who worked at any time between March 1, 2016 and March 31, 2017.

## 4. YOUR SETTLEMENT AMOUNT

To settle this case, Flowers agreed to pay up to a total of $1,200,000 ("Gross Settlement Fund"). If you choose to participate in this settlement, you will receive $**XXX«TOTAL_ALLOCATION», before taxes**.

Your individual settlement amount is based on a formula that took into consideration the number of weeks you worked within the relevant period. Your individual settlement amount listed is free and clear of attorneys' fees and litigation costs.

If the Court approves the settlement and all other conditions of the settlement are satisfied, half of your settlement payment will be reported as wages for tax purposes and you will receive an IRS Form W-2 for this portion of the payment. Tax withholdings for wage payments will be deducted from this amount. The other half of your settlement amount will constitute payment for alleged liquidated damages, interest, and penalties, and will be

reported on an IRS Form 1099; you will be responsible for any tax liability on this amount. **You will be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under this settlement.** If you have any tax-related questions, you should consult a tax preparer.

**You will have 180 days to cash your settlement checks after they are issued.** Any uncashed checks will be voided after 180 days. After that, you will be unable to obtain payment, but you will have released the claims arising from this case. **It is important that you inform the settlement administrator of the best address to send your check and/or if you have not received your check.**

You will not be retaliated against for participating in this settlement. Under federal law, it is illegal for Flowers to terminate you, or retaliate against you, in any fashion because you have participated in this lawsuit and/or settlement.

| 5. | ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS |
|---|---|

Plaintiff's Counsel are asking the Court to award them one-third of the total settlement (*i.e.*, $400,000) for attorneys' fees, as well as $2,891.48 for litigation costs they have paid to litigate the case. Such fees and costs payments will be subject to the Court's approval. *Please note, these amounts have already been deducted from the total settlement amount and your settlement amount listed above will not be subject to any further deductions for attorneys' fees or costs.*

In addition, the named Class Representative and the first Opt-In Plaintiff who have been working on the case intend to seek a service award from the Court in an amount not to exceed $10,000.00 total for their service and work helping the attorneys prepare the case for trial. *Again, these amounts have already been deducted from the total settlement amount and your settlement amount will not be subject to any further deductions for these service awards.*

| 6. | WHAT ARE THE PROCEDURES FOR PAYMENT? |
|---|---|

**A.** If you do not submit a valid and timely Opt-Out Request Form, the amount of your settlement award will be calculated by the Settlement Administrator and paid by check after the settlement is given final approval by the Court. The check will be mailed by the Settlement Administrator and will remain valid and negotiable for 180 days from the date of issuance. After those 180 days expire, the checks will become void.

**B.** Half of your share of the settlement will be considered wages, from which ordinary tax withholdings will be deducted. No tax deductions will be made from the remaining half of the settlement amount. You will be given IRS tax forms for each of these amounts. You are responsible for paying the correct amount of taxes on each portion of your share of the settlement.

**C.** In order to be able to send you other mailings regarding the Action, it is important for the parties to have your current address. You should contact the Settlement Administrator to report any change of your address after you receive this Notice. Failure to report a change of address may result in you not receiving your share of the settlement money.

| 7. | APPROVAL OF THE SETTLEMENT AND FAIRNESS HEARING |
|---|---|

The settlement is subject to Court approval and satisfaction of all conditions set forth in the Settlement Agreement filed with the Court. On or before INSERT 4.5 MONTH AFTER PRELIMINARY APPROVAL the

parties will jointly ask the Court to finally approve the settlement. The Court will hold a hearing to determine if the settlement is fair, reasonable, adequate, and should be approved. ***You are not required, or expected, to attend the hearing, but you have the opportunity to do so if you choose.***

The final approval hearing will be held INSERT at the United States District Court for the District of Kansas, 500 State Ave., Kansas City, KS 66101, Courtroom 440.

If the Court approves the settlement, and if all conditions set forth in the Final Settlement Agreement and Release are satisfied, Flowers will deliver all settlement funds to the Settlement Administrator for distribution to Settling Plaintiffs under the terms of the Settlement Agreement.

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted. In that event, Flowers retains the right to contest whether this case can be maintained as a class action and to contest the merits of the claims being asserted in the Action. If the settlement is not approved, there can be no assurance the class will recover the amount provided for in this settlement, or anything at all.

| 8. | WHAT ARE MY OPTIONS? |
|---|---|

You may do nothing, withdraw consent ("opt out"), or object to this settlement.

**Option A: Do nothing, obtain your portion of the settlement and release your federal and state wage claims.**

If you choose to do nothing, you will receive your settlement check and your rights to pursue any claims brought under federal, state or local wage law will be released.

**Option B: Reject your settlement amount and opt out of this case.**

If you opt out of the settlement, your written notice to that effect must be mailed to the Settlement Administrator and it must be postmarked or received by **[75 days from mailing] at 5:00 pm Central Time.** If you timely opt out of the settlement, you will not recover anything under the settlement, but you will retain any rights you may have to pursue any claims brought under federal, state or local wage law, subject to the applicable statutes of limitations.

**Option C: Object to the terms of the settlement.**

If you do not opt out of the settlement, you may object to the terms of the settlement. If you object and the settlement is approved, your rights to pursue any claims brought under federal, state or local wage law will be released. In order to object, you may, but need not, enter an appearance through counsel of your choice. If you retain your own counsel, you will be responsible for your own attorneys' fees and costs.

If you object to the settlement, you must, on or before [75 days from mailing Notice] serve upon Eric L. Dirks, Williams Dirks Dameron LLC, 1100 Main Street, Suite 2600, Kansas City, MO 64105 (class counsel), and Patrick Hulla, 4520 Main Street, Suite 400, Kansas City, MO 64111(counsel for Flowers), a written objection including: (a) your full name, address and telephone number, (b) the approximate dates of your employment with Flowers, and your job title(s) while employed with Flowers, (c) a brief written statement of all grounds for the objection accompanied by any legal support for your objection, (d) copies of any papers, briefs or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, if any, (f) a statement of whether you intend to appear at the Fairness Hearing, and (g) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of any attorneys representing you who will appear at the Fairness Hearing. If you do not

timely make an objection in this manner, you will be deemed to have waived all objections, and you shall not be heard or have the right to appeal approval of the settlement.

| **9.        SCOPE OF RELEASE** |
|---|

If you do not opt out of the case, you will release and forever discharge Flowers from any and all claims, rights, demands, liabilities and causes of action of every nature and description during the Covered Period, whether known or unknown, arising on, or before, the date of the execution of this Settlement Agreement, that were, or could have been, made by the Class Representative and the Settlement Class Members relating to unpaid and/or untimely payment of wages of any kind. This includes any claims for liquidated damages, attorneys' fees, costs, expenses, interest, settlement administration costs, and Service Awards, and any other monetary claims related to the payment of wages, including any claims arising under the Fair Labor Standards Act, the Kansas Wage Payment Act, the Arizona Wage Act, the Texas Payday Act, or any other federal, state, municipal or local laws, including common law.

| **10.        YOUR RESPONSIBILITIES** |
|---|

It is your responsibility to keep the Settlement Administrator and Class Counsel informed of any change of address and to cash your check on time. You must act within the time periods set out in this Notice. The time periods will be strictly enforced. Failure to carry out any of these responsibilities could result in your failure to receive a settlement check.

| **12. QUESTIONS REGARDING THIS NOTICE** |
|---|

If you have any questions regarding this notice or need to update your address, you can contact the Settlement Administrator, [insert third party] at [insert toll free number] or by emailing your question to [insert TPA dedicated case email address].

| **13.        LEGAL COUNSEL** |
|---|

The Attorneys representing Plaintiff in this matter are as follows:

**Eric L. Dirks, Attorney**
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
Phone: (816) 876-2600
Email: dirks@williamsdirks.com
www.williamsdirks.com

**INSERT KRAUSE AND KINSMAN**

---

**PLEASE DO NOT CALL OR OTHERWISE CONTACT THE COURT,
REGARDING THIS NOTICE.**