# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Rodney Robinson and Anthony Keith Smith,**
**individually and on behalf of all others similarly situated,**

   **Plaintiffs,**

**v.**           **Case No. 16-2669-JWL**

**Flowers Baking Company of Lenexa, LLC**
**et al.,**

   **Defendants.**

## <u>MEMORANDUM & ORDER</u>

Plaintiff Rodney Robinson is a former hourly employee at defendants' bakery facility in Lenexa, Kansas. In September 2016, Mr. Robinson, individually and on behalf of others similarly situated, filed this nationwide wage and hour collective action alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and a Rule 23 class action alleging violations of the Kansas Wage Payment Act. Specifically, Mr. Robinson alleged that defendants failed to compensate him (and others similarly situated) for time spent performing activities such as donning and doffing required uniforms and gear; and post-donning and pre-doffing walking to and from work stations. Shortly thereafter, plaintiff Anthony Keith Smith filed a notice of his consent to join this lawsuit. The record does not reflect whether opt-in plaintiff Smith is a current or former employee and it does not reflect the facility where he works or worked.

On August 1, 2017, the parties notified the court that they had reached a preliminary settlement of the case and were working on a written settlement agreement. On August 30, 2017, Mr. Robinson filed a second amended complaint. In his second amended complaint, Mr. Robinson added common law wage claims under Texas and Arizona law as well as claims under the Arizona Wage Act. After filing the second amended complaint, plaintiffs filed their unopposed motion for preliminary settlement approval (doc. 39).

The parties' proposed settlement creates a common fund of $1,200,000 impacting approximately 872 current and former employees who work or worked for defendants at bakery facilities in Lenexa, Kansas; Denton, Texas; Phoenix, Arizona; Mesa, Arizona; and Tolleson, Arizona. The agreement provides that class members will receive notice of the settlement and will be paid their portion of the settlement unless they choose to opt out of the settlement by filing a "valid and timely" opt-out request form. Any class member who does not file an opt-out request form will release the claims set forth in the release, including FLSA claims.

The court declines to issue an order preliminarily approving the proposed settlement. In their motion, plaintiffs highlight that the parties' settlement agreement calls exclusively for an opt-out settlement pursuant to Rule 23—despite the fact that the agreement resolves and releases the FLSA claims in addition to the state law claims. Under the agreement, then, settlement class members will release their FLSA claims unless they affirmatively take steps to opt out of the settlement. Plaintiffs direct the court to no authority, and the court is aware of none, permitting an opt-out settlement of FLSA claims. *Bell v. Consumer Cellular, Inc*., 2016 WL 3063870, at *2 (D. Or. May 31, 2016) (declining to preliminarily approve settlement in hybrid collective and class action where settlement class members who did not timely and properly exclude

themselves from the settlement class would nevertheless be bound by the settlement agreement's release of FLSA claims); *Stokes v. Interline Brands, Inc*., 2014 WL 5826335, at *4 (N.D. Cal. Nov. 10, 2014) (denying preliminary approval where proposed settlement "improperly seeks to compromise FLSA claims in a Rule 23 context"); *Tijero v. Aaron Brothers, Inc*., 2013 WL 60464, at *8 (N.D. Cal. Jan. 2, 2013) ("[T]he Court finds that it is contrary to § 216(b) to bind class members to a release of FLSA claims where, as here, the members have not affirmatively elected to participate in the lawsuit by filing a written consent form.") (citing *Kakani v. Oracle Corp*., 2007 WL 1793774, at *7 (N.D. Cal. 2007) (finding that settlement would violate FLSA where release took away the FLSA rights of all workers, whether or not they choose to affirmatively join the action)); *Butler v. American Cable & Telephone, LLC*, 2011 WL 2708399, at *10 (N.D. Ill. July 12, 2011) ("[I]t would be improper to allow a release of [FLSA] claims under the Rule 23 opt-out procedure proposed by the parties."); *Wright v. Linkus Enterprises, Inc*., 2009 WL 1705721, at *2 (E.D. Cal. June 17, 2009) (holding that "opt-in" procedures must be provided for the release of FLSA claims). If plaintiffs have authority supporting the opt-out structure of the FLSA settlement in this case, they should provide that authority to the court. In the absence of any authority, the court will not approve a settlement agreement that relies on opt-out procedures for the release of the FLSA claims.[1]

---

[1] Plaintiffs assert in their motion that settlement class members will release their FLSA claims only if they cash their settlement checks. The argument is rejected. First, the settlement agreement itself does not contain that condition. Second, plaintiffs have offered no authority that cashing a check is the same as filing a written consent form for purposes of § 216(b). *See Johnson v. Quantum Learning Network, Inc*., 2016 WL 8729941, at *1 (N.D. Cal. Aug. 12, 2016) (settlement agreement providing that FLSA collective action members opt in to the collective action by cashing or depositing their settlement checks violates FLSA).

The court is also concerned that the scope of the release exceeds the claims alleged in the second amended complaint. *See, e.g., Stokes*, 2014 WL 5826335, at *4. In his second amended complaint, plaintiff asserts damages stemming from an alleged policy of failing to pay employees for time spent donning and doffing required uniforms and gear; and post-donning and pre-doffing walking to and from work stations. But the proposed release goes far beyond those discrete claims to release any and all claims, whether known or unknown, that were or could have been asserted "relating to unpaid and/or untimely payment of wages or compensation of any kind." While the parties may ultimately persuade the court that the release is appropriate in light of the overall settlement of this case, the court cautions the parties that this issue will need to be addressed to the court's satisfaction before it will preliminarily approve the settlement agreement.

To the extent the parties submit a revised settlement agreement, the parties should also note that the objection procedure outlined in the proposed Notice is far more burdensome than the procedure described in the settlement agreement. The agreement itself contemplates only a written statement containing "the basis for the objection" filed with the Clerk of the Court at least 21 days prior to the fairness hearing. By contrast, the Notice requires a written statement "served" on counsel for all parties along with "legal support" and copies of documents upon which the objection is based and it purports to prevent the court from resolving objections that do not comport with the onerous objection process. The Notice should be revised to mirror the procedure in the agreement. Moreover, the Notice does not reflect that settlement class members have access to the settlement agreement itself for purposes of reviewing that agreement. Finally, the opening paragraph of the Notice does not fully and accurately state the

names of the various entities for which settlement class members may have worked and includes names such as "Flowers Foods" and "Alpine Valley" which appear to be short-hand names for the defendants in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' unopposed motion for preliminary settlement approval (doc. 39) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties must notify this court on or before **Friday, October 13, 2017** of their intention to either (1) file a revised settlement agreement in accordance with this memorandum and order, including providing a date on which the parties anticipate filing a motion for preliminary approval of that agreement; or (2) abandon settlement and proceed to litigate this dispute.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge